[No. G017718. Fourth Dist., Div. Three. Feb. 28, 1996.]

In re KEYONIE R., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
ALBERTA M., Defendant and Appellant.

**COUNSEL**

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Laurence M. Watson, Chief Assistant County Counsel, and Nicholas S. Chrisos, Deputy County Counsel, for Plaintiff and Respondent.

Harold LaFlamme, under appointment by the Court of Appeal, for Minor.

## OPINION

**WALLIN, J.**—Alberta M. appeals from the judgment terminating her parental rights to her daughter, Keyonie R., age 20 months. She claims (1) the reports prepared by the social services agency (SSA) were hearsay and should not have been admitted into evidence, and (2) the trial court erroneously selected adoption as the permanent plan for the minor. We affirm the judgment, as neither argument has merit.

Keyonie R., the sixth child of Alberta M.,[1] was born with a positive toxicology screen for cocaine in May 1993. She was declared a dependent of the juvenile court under Welfare and Institutions Code section 300, subdivisions (a), (b) and (j)[2] based on Alberta's criminal record for drug-related offenses, her drug use during pregnancy, and her similar treatment of a sibling. During the next 12 months, Alberta failed to reunify with Keyonie. She was incarcerated twice and resumed drug use when out of prison; her visits were sporadic. At the 12-month hearing in August 1994, reunification services were terminated and a selection and implementation hearing was set.

In March 1995, Alberta filed a petition under section 388, requesting reinstatement of reunification services and increased visitation due to her completion of parenting and drug programs while incarcerated. In April, following a hearing, the petition was dismissed; on the same day, the trial court held the selection and implementation hearing, found Keyonie adoptable and terminated Alberta's parental rights.

I

■ Alberta first challenges the admissibility of the SSA reports at the 12-month hearing and the selection and implementation hearing, claiming they were inadmissible hearsay and incompetent to support the trial court's findings.

The question of the competency of such reports to support a determination of dependency jurisdiction was resolved by the Supreme Court in *In re Malinda S.* (1990) 51 Cal.3d 368 [272 Cal.Rptr. 787, 795 P.2d 1244]. There, the court found an implicit exception to the hearsay rule for social service reports was created by section 281. (51 Cal.3d at p. 376.) Section 281 states:

---

[1]Alberta's two oldest children reside with their father. The third was a dependent of the juvenile court and has been adopted; the fourth is under a court-appointed legal guardianship; and the fifth is a dependent child in the process of being placed for adoption.

[2]All statutory references are to the Welfare and Institutions Code.

"The probation officer shall upon order of any court in any matter involving the custody, status, or welfare of a minor or minors, make an investigation of appropriate facts and circumstances and prepare and file with the court written reports and written recommendations in reference to such matters. The court is authorized to receive and consider the reports and recommendations of the probation officer in determining any such matter." Finding the reports not only admissible but competent to support a jurisdictional finding under the dual requirement of section 355,[3] the court relied on their preparation "by disinterested parties in the regular course of their professional duties" which "lend them a degree of reliability and trustworthiness." (51 Cal.3d at p. 377.) The court also found the words of section 281 "imply that the social studies are not merely to be used as background consideration [citation], but may form the basis of the jurisdictional determination itself." (51 Cal.3d at pp. 377-378.)

Alberta argues the holding of *Malinda S.* was strictly limited to jurisdictional hearings and there is no authority making social service reports competent evidence at subsequent hearings. We disagree.

The language of section 281 broadly authorizes the trial court to receive and consider social service reports in determining "*any matter involving the custody, status, or welfare of a minor.*" Furthermore, section 366.21, subdivision (f) specifically directs the trial court at the 12-month hearing to determine whether the return of the child to the parents would create a substantial risk of detriment and whether reasonable services have been provided or offered to the parent. The subdivision continues: "In making its determination, the court shall review the probation officer's report and shall consider the efforts or progress, or both, demonstrated by the parent or guardian and the extent to which he or she cooperated and availed himself or herself of services provided." At the selection and implementation hearing, the trial court is likewise directed to review the social services report and indicate on the record it has done so. Then, it is directed to "receive *other evidence* that the parties present" before it selects a permanent plan for the child. (§ 366.26, subd. (b), italics added; see also Cal. Rules of Court, rules 1461(b)(2) & 1463(d).) This statutory language more than amply indicates

[3]Section 355 reads: "At the jurisdictional hearing, the court shall first consider only the question whether the minor is a person described by Section 300, and for this purpose, any matter or information relevant and material to the circumstances or acts which are alleged to bring him or her within the jurisdiction of the juvenile court is admissible and may be received in evidence. However, proof by a preponderance of evidence, legally admissible in the trial of civil cases must be adduced to support a finding that the minor is a person described by Section 300. . . ."

the legislative intent to allow social service reports to be admitted as competent evidence in dependency hearings.[4]

## II

■ Alberta also challenges the trial court's selection of adoption as the permanent plan for her child, arguing guardianship would have allowed the child to have stability and permanence and retain ties to her mother. But it has been held repeatedly that the current dependency scheme clearly gives "first priority to adoption as the most desirable permanent plan," and guardianship will not be considered unless adoption has been rejected due to the applicability of statutory exceptions. (*In re Edward R.* (1993) 12 Cal.App.4th 116, 122 [15 Cal.Rptr.2d 308]; see also *In re Cody W.* (1994) 31 Cal.App.4th 221, 230-231 [36 Cal.Rptr.2d 848]; *In re Beatrice M.* (1994) 29 Cal.App.4th 1411, 1420 [35 Cal.Rptr.2d 162].) None of the statutory exceptions apply here.[5]

Alberta claims guardianship was especially appropriate here, as she had successfully rehabilitated herself by completing the classes required by her reunification plan. But the determination that Keyonie could not be returned to her and reunification services should be terminated was made at the 12-month hearing in August 1994. Alberta's section 388 petition to modify that determination was unsuccessful.[6] The trial court had no option under the statute other than termination of parental rights.

---

[4]Alberta does not challenge the admissibility of the reports on the grounds that statements contained in them were made by incompetent witnesses. (See, e.g., *In re Basilio T.* (1992) 4 Cal.App.4th 155 [5 Cal.Rptr.2d 450].)

[5]Section 366.26, subdivision (c)(1) provides the trial court shall terminate parental rights if it finds the child adoptable and there has been a previous determination that reunification services shall be terminated unless: "[¶] (A) The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship. [¶] (B) A minor 12 years of age or older objects to termination of parental rights. [¶] (C) The child is placed in a residential treatment facility, adoption is unlikely or undesirable, and continuation of parental rights will not prevent finding the child a permanent family placement if the parents cannot resume custody when residential care is no longer needed. [¶] (D) The minor is living with a relative or foster parent who is unable or unwilling to adopt the minor because of exceptional circumstances, which do not include an unwillingness to accept legal responsibility for the minor, but who is willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his or her relative or foster parent would be detrimental to the emotional well-being of the minor."

[6]Alberta has not challenged these determinations in this court.

The judgment terminating Alberta's parental rights to Keyonie is affirmed.

Sonenshine, Acting P. J., and Crosby, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 15, 1996.